DarDARRELL L. COCHRAN
(darrell@pcvalaw.com)
ANDREW S. ULMER
(aulmer@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

***Attorneys for Plaintiffs***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICHOLAS CUTTING and KATHRYN CUTTING, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER CO., a foreign corporation; HOME DEPOT, U.S.A., INC., a foreign corporation; JOHN DOES 1-100, inclusive,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

Plaintiffs Nicholas Cutting and Kathryn Cutting, by and through their attorneys, Darrell L. Cochran and Andrew S. Ulmer of Pfau Cochran Vertetis Amala PLLC, hereby states and alleges as follows.

## I.   INTRODUCTION

1.1     This is a product defect action against Defendant Werner Co., Defendant Home Depot, U.S.A., Inc. (hereinafter "Home Depot") and Defendants John Does 1-100 for their failure to manufacture safe and functional equipment to Plaintiff Nicholas Cutting, who was

COMPLAINT - 1 of 10



the purchaser of K211201 UPGEAR ROOFING SAFETY SYSTEM and L242050 UPGEAR 50FT 5/8IN POLY-DAC VERTICAL LIFELINE W/LANYARD (together hereinafter referred to as "Rope Lifeline System") which was manufactured by Defendants Werner Co. and John Does 1-100 (hereinafter "Werner Co. Defendants") and sold by Defendant Home Depot, and whose equipment, manufactured by Werner Co. Defendants, failed to grip the slack of rope that passed through the rope grab apparatus and/or failed to catch Mr. Cutting as he fell onto the ground while performing work on a roof, resulting in Mr. Cutting suffering substantial injuries. Mr. Cutting's wife, Kathryn Cutting, additionally brings a claim for loss of consortium following the significant injuries Mr. Cutting sustained which would not have occurred but for the defective product manufactured and sold by Defendants.

## II.      PARTIES

2.1      At all times relevant hereto, Plaintiffs Nicholas Cutting and Kathryn Cutting are husband and wife, and currently reside in University Place, Pierce County, Washington.

2.2      At all times relevant hereto, Werner Co. is a Delaware corporation incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in the State of Pennsylvania.

2.3      At all time relevant hereto, Home Depot is a Delaware corporation incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in the State of Georgia.

2.4      Defendants John Does 1-100 designed, manufactured, distributed, and/or sold the defective Rope Lifeline System that malfunctioned and resulted in the severe injuries of Plaintiff Nicholas Cutting. These defendants knew those products would be sold and distributed within the state of Washington. These John Doe defendants will be identified more fully as their



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

names are learned during discovery, but they will include the manufacturer(s), distributor(s), and seller(s) of the Rope Lifeline System that harmed Plaintiff. Any such individuals and entities are hereby on notice that they will be named as defendants in this case as soon as their identity is established.

### III.    JURISDICTION

3.1     The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1).   Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00.

3.2     The Court has pendant and supplemental subject matter jurisdiction over the state law claims over the state law claims pursuant to 28 U.S.C. § 1367.

3.3     This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in Washington; the unlawful conduct alleged in this Complaint occurred in and/or emanated, in part, from Washington; and/or Defendants have sufficient minimum contacts with Washington.

### IV.    VENUE

4.1     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in and/or emanated from this District.  These events and omissions included but are not limited to: Plaintiffs reside in this District, engaged in a consumer transaction with Home Depot in this District, and the facts giving rise to this lawsuit occurred in this District.

4.2     Venue is additionally proper because Defendants are registered to and conducts business in this District.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

### V.    STATEMENT OF FACTS

5.1    On or around November 2016, Mr. Cutting began construction work on Jeffrey Gerbing's RV garage, located on Mr. Gerbing's property in Lakewood, Washington.

5.2    On or around April 5, 2017, Mr. Cutting purchased the Rope Lifeline System from the Home Depot store located at 4602 Center Street, Tacoma, Washington for use in the project on Mr. Gerbing's RV garage.

5.3    Upon information and belief, the Rope Lifeline System was designed, assembled, manufactured and distributed by Werner Co. Defendants and is marketed as a "COMPLETE SYSTEM ALL IN ONE PACKAGE!"



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

1
2
3
4
5
6
7
8



9
10

    5.4     During the relevant time period, Mr. Cutting was self-employed as a general

11

contractor.

12

    5.5     Per the User Instructions provided with the Rope Lifeline System equipment,

13

Mr. Cutting examined all equipment thoroughly, daily before use.

14
15
16
17
18
19
20
21
22
23
24
25
26





PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

**WERNER**

## ROPE LIFELINE SYSTEM
### USER INSTRUCTIONS

**VI. Equipment Record**

| | | |
|---|---|---|
| PART NUMBER | L242050 | |
| SERIAL NUMBER | 21161A | |
| DATE MANUFACTURED | 091644J | |

| | |
|---|---|
| PURCHASE DATE | 4/5/2017 |
| ASSIGNED TO | Nick C. |

NOTES

### SPECIFICATIONS

**Werner Co. Rope Lifeline System**

Certified to meet ANSI Z359.1-2007, OSHA 1910 and 1926 standards and regulations for the component of a complete personal fall arrest system.

Individually bar coded model and serial numbers, location and date of manufacture are on product label.

**VII. Inspection Records**

| INSPECTION RECORD | | | | | |
|---|---|---|---|---|---|
| DATE | INSPECTOR | PASS/FAIL | DATE | INSPECTOR | PASS/FAIL |
| 4/5 | NC | PASS | | | |
| 4/6 | NC | PASS | | | |
| 4/7 | NC | PASS | | | |
| 8/10 | NC | PASS | | | |
| 4/11 | NC | PASS | | | |
| | | | | | |
| | | | | | |
| | | | | | |

ENGLISH

Page 16 · · · · · · · · · · · · · · · · · · · · · · Page 17

5.6     Mr. Cutting used the Rope Lifeline System equipment five times over the course of a seven-day period, each time inspecting the equipment prior to use. The equipment passed inspection each time prior to use.

5.7     On April 11, 2017, after inspecting the Rope Lifeline System equipment, Mr. Cutting proceeded to climb onto the roof of Mr. Gerbing's RV garage.

5.8     Mr. Cutting was fastened to the Rope Lifeline System which was properly anchored to the building.

5.9     Mr. Cutting fell from the roof of the RV garage and the Rope Lifeline System failed to grip the rope or apply any tension as the rope passed through the rope grab apparatus, thereby causing Mr. Cutting to fall approximately 16 feet onto the ground.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

5.10    The Rope Lifeline System failed to function and as a direct result of this, Mr. Cutting suffered substantial injuries.

5.11    The injuries Mr. Cutting suffered as a result of the incident were medically significant.

## VI.    CAUSES OF ACTION

**A.    First Cause of Action – Products Liability - RCW 7.72.030**

6.1    Plaintiffs incorporate by reference and realleges the paragraphs above and below.

6.2    Defendant Werner Co. and Defendants John Does 1-100 designed, assembled, and thereby manufactured and distributed a defective product, the Rope Lifeline System.

6.3    The Rope Lifeline System was not reasonably safe as designed or manufactured, or was not reasonably safe because adequate warnings or instructions were not provided.

6.4    The Rope Lifeline System was defectively designed and unreasonably dangerous because, at the time of manufacture, the likelihood that the Rope Lifeline System would cause Mr. Cutting's harm or similar harms, and the seriousness of those harms, outweighed the burden on defendants to design a Rope Lifeline System that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the Rope Lifeline System's usefulness. Upon information and belief, if the defendants had used a higher quality rope grab apparatus, such as the ones sold by competitors, Mr. Cutting would never have been injured.

6.5    Given its defects, the Rope Lifeline System was not reasonably safe because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. An ordinary consumer would not contemplate that the Rope Lifeline System would simply fail to place tension on the rope and/or prevent the rope from sliding through the rope grab



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

apparatus, particularly where the Werner Co. represented to the public that the Rope Lifeline System was a "COMPLETE SYSTEM ALL IN ONE PACKAGE!"

6.6     Alternatively, Werner Co. failed to exercise reasonable care in the manufacture and design of the Rope Lifeline System.

6.7     Alternatively, Werner Co. breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding the Rope Lifeline System.

6.8     As a direct and proximate result of Werner Co.'s and Defendants John Does 1-100's wrongful acts, the plaintiff was injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at trial. Further, Plaintiffs claim consequential damages including costs and actual attorney fees.

**B.     Second Cause of Action – Product Liability – RCW 7.72.040**

6.9     Plaintiffs incorporate by reference and realleges the paragraphs above and below.

6.10    The Rope Lifeline System was marketed and sold by Defendants.

6.11    As the seller of the Rope Lifeline System, Defendants are liable for Plaintiffs' damages caused by their negligence, breach of express warranties, and/or the intentional misrepresentation of facts about the product by Defendants or the intentional concealment of information about the product by Defendants pursuant to RCW 7.72.040(1).

6.12    Additionally, Defendants as product sellers are liable for the injuries to Plaintiffs to the same extent as a manufacturer pursuant to RCW 7.72.040(2).

**C.     Third Cause of Action – Negligence**

6.13    Plaintiffs incorporate by reference and realleges the paragraphs above and below.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

6.14    Defendants are liable to Plaintiffs because the harm was caused by their negligence in that they had a duty to exercise reasonable care in their design, manufacture, distribution and sale of the Rope Lifeline System, and they breached that duty as described more fully herein.

6.15    Defendants are further liable to Plaintiffs because the harm was caused by their negligence in that the defendants intentionally or negligently misrepresented that the Rope Lifeline System was safe for the described use, when the defendants knew or should have known otherwise. Nowhere did the Rope Lifeline System warn Mr. Cutting that the rope grab apparatus could fail to grip the rope resulting in the rope user freefalling from the roof. Mr. Cutting reasonably relied upon those misrepresentations in purchasing and using the Rope Lifeline System and would not have purchased or used the Rope Lifeline System in the same manner if he knew those representations were false.

6.16    Defendants also had a duty to exercise reasonable care in warning users of the Rope Lifeline System of defects of which they knew or should have known, and upon information and belief, they breached that duty because defendants learned, or should have learned, about the danger of the Rope Lifeline System malfunctioning or failing to grip the rope, but they failed to exercise reasonable care in warning product users, including Mr. Cutting, about that danger.

**D.     Fourth Cause of Action – Loss of Consortium**

6.16    Plaintiffs incorporate by reference and realleges the paragraphs above and below.

6.17    As a direct and proximate cause of Defendants' negligence and tortious misconduct, Mr. and Mrs. Cutting have suffered a continuing injury to the marital relationship,

COMPLAINT - 9 of 10



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law

including the loss of emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from Mr. Cutting.

## VII.   PRAYER FOR RELIEF

7.1     Plaintiffs prays for judgment against Defendants, as follows:

7.2     For special damages for medical treatment expenses, the expenses of medication, and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

7.3     For all general damages for pain and suffering, including physical and emotional, resulting from the acts complained of herein;

7.4     For such reasonable costs, attorney fees, prejudgment interest, punitive and other exemplary damages allowed under law; and

7.5     For such other and further relief as this Honorable Court determines just.

Plaintiff specifically reserves the right to pursue additional causes of action, claims, and/or forms of relief other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that emerge during discovery.

DATED this 24th day of February, 2020.

PFAU COCHRAN VERTETIS AMALA PLLC


By:     /s/ Darrell L. Cochran_____
        Darrell L. Cochran, WSBA #22851
        darrell@pcvalaw.com

        /s/ Andrew S. Ulmer_____
        Andrew S. Ulmer, WSBA #51227
        aulmer@pcvalaw.com

        *Attorneys for Plaintiffs*



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcva.law