1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

NICHOLAS CUTTING, *et al.*,

11

Plaintiffs,

12

v.

13

WERNER CO., *et al.*,

14

Defendants.

CASE NO. 3:20-cv-05163-BHS-JRC

ORDER GRANTING MOTION
FOR COURT CLERK TO SERVE
FOREIGN CORPORATION

15
16
17
18
19
20

This matter is before the Court on defendants' motion for service of a foreign entity via clerk mailing.  Dkt. 25.  Defendants have filed a third-party complaint against Yoke Industrial Corporation ("Yoke")—a corporation allegedly located in Taiwan.  *See* Dkt. 22.  The Court has considered defendants' request and supporting materials and finds good cause to grant the motion.  The Clerk's Office shall serve Yoke Industrial Corporation as set forth herein.

21

**DISCUSSION**

22
23

Defendants assert that pursuant to Federal Rule of Civil Procedure 4, they require assistance from the Clerk in serving Yoke.  Dkt. 25, at 1.

24

Federal Rule of Civil Procedure 4(f) sets forth three general methods for serving an individual in a foreign country—

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by . . . (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Although Rule 4(f) applies to serving individuals, Rule 4(h) allows for service on a foreign corporation by the means set forth above.

Here, defendants explain that they cannot utilize any "internationally agreed means of service" pursuant to option (1), since there is no such means for Taiwan. *See, e.g.*, *Tatung Co., Ltd. v. Shu Tze Hsu*, No. SACV131743DOCANX, 2016 WL 7634672, at *2 (C.D. Cal. Aug. 18, 2016). Nor has the Court authorized other means pursuant to option (3). Therefore, defendants seek to proceed via one of the methods authorized under option (2).

Defendants request to proceed by "using a form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C). They ask that the Clerk use both USPS and FedEx mail, return receipt requested, to serve the complaint. Dkt. 25, at 7–8. They provide a litany of rulings from other District Court authorizing such methods of effective service under Rule 4(f)(2)(C)(ii), including findings that such is not contrary to the laws

of Taiwan.  *E.g. Vista Peak Ventures, LLC v. GiantPlus Tech. Co.*, No. 2:19-CV-00185-JRG, 2019 WL 4039917, at *2 (E.D. Tex. Aug. 27, 2019); *see also Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, No. 8:15-CV-1690-T-36JSS, 2015 WL 4757937, at *5 (M.D. Fla. Aug. 12, 2015) (service by FedEx).

Based on defendants' authority, the Court finds good cause to **GRANT** their motion for the Clerk to effect service in this matter.  Dkt. 25.  The Court DIRECTS the Clerk to effect service under Rule 4(f)(2)(C)(ii) via international Federal Express, return receipt, and USPS, return receipt, to Yoke Industrial Corp.  In order to accomplish such service, the Court ORDERS Werner Co. and Home Depot, U.S.A., Inc., to provide the Clerk with the appropriate complaint and summons, along with appropriate labels from Federal Express international, return receipt, and from USPS, return receipt, directed to Yoke Industrial Corp., in Taiwan, within seven (7) days of the date of this Order.  Upon receipt, the court DIRECTS the Clerk to send the aforementioned documents, with copies of the third-party complaint (Dkt. 22) and summons (Dkt. 24), as well as a copy of this order, via Federal Express international, return receipt, and USPS, return receipt, to Yoke Industrial Corp. in Taiwan.

Dated this 8th day of July, 2020.

J. Richard Creatura
United States Magistrate Judge